UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
ELIJAH WEST,                   :
                               :   Civil Action No. 09-2836 (DRD)
            Plaintiff,         :
                               :
      v.                       :   MEMORANDUM OPINION
                               :
CITY OF JERSEY CITY            :
POLICE DEPARTMENT, et al.,     :
                               :
            Defendants.        :
_____:
```

Plaintiff, Elijah West, a prisoner confined at the Hudson County Correctional Center, Kearny, New Jersey, brings this civil rights action, pursuant to 42 U.S.C. § 1983. Since Plaintiff submitted a duly executed application to proceed in this matter in forma pauperis, this Court will grant Plaintiff in forma pauperis status. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint will be dismissed.

I.  **Background**

Plaintiff names, as Defendants in this action, two entities: (a) the Jersey City Police Department ("Police Department"); and (b) Hudson County Prosecutor's Office ("Prosecutor's Office"). See Docket Entry No. 1, at 4-5. With regard to the Police Department,

Plaintiff asserts that "[t]his agency . . . arrest[ed] and charg[ed] Plaintiff] with false accusations." Id. at 4. With regard to the Prosecutor's Office – Plaintiff maintains that "[t]his agency assisted . . . in the friv[o]lous litigation and malicious prosecution" of Plaintiff. Id. at 5. Further elaborating on his claims, Plaintiff informs this Court that Plaintiff's arrest took place on April 1, 2006, and – on January 25, 2007 – Plaintiff was acquitted of the charges ensuing from (or underlying) his arrest. See id. at 6. Plaintiff executed his instant complaint on June 8, 2009.[1] See id. at 7.

## II. Standard of review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the

---

[1] It appears that, currently, Plaintiff is a pre-trial detainee confined at the Hudson County Correctional Center on the charges unrelated to his arrest in 2006 and the prosecution that yielded his acquittal in 2007. It is self-evident that Plaintiff could not have handed the instant complaint to his current prison officials prior to June 8, 2009, that is, the date of Plaintiff's execution of his complaint.

requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

### III  Section 1983 Action

Section 1983 provides, in relevant part, as follows:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff names as Defendants two entities not cognizable as "persons" for the purposes of a § 1983 suit: the Police Department and Prosecutor's Office. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (police department is not a "person" for the purposes of a § 1983 suit); Martin v. Red Lion Police Dep't, 146 Fed. App'x, 558, 562 n.3 (3d Cir. 2005) (same);

Briggs v. Moore, 251 Fed. App'x 77, 2007 U.S. App. LEXIS 24309 (3d Cir. N.J. 2007) (police department and prosecutor's office are not "persons" within the meaning of § 1983 suit); Stackhouse v. City of E. Orange, 2008 U.S. Dist. LEXIS 90727 (D.N.J. Nov. 6, 2008) (same); Smith v. H.C. Prosecutors Office, 2008 U.S. Dist. LEXIS 55660, at *7 (D.N.J. July 15, 2008) (prosecutor's office is not a cognizable "person" for the purposes of 1983 action). Therefore, Plaintiff's allegations against these Defendants must be dismissed for failure to state a claim.

**IV. Plaintiff's claims are time barred**

Moreover, even if this Court were to construe: (a) Plaintiff's claims against the Police Department as claims against individual arresting police officers, and (b) Plaintiff's claims against the Prosecutor's Office as claims against the particular attorneys who prosecuted Plaintiff's criminal charges, both groups of these claims should, nonetheless, be dismissed -- as time barred.

The Court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte a pro se civil rights claim under 28 U.S.C. §

4

1915(e)(2) if the untimeliness of the claim is apparent from the face of the complaint. See Jones v. Bock, 549 U.S. 199 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n. 10 (3d Cir. 1994).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384 (2007). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.[2] See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

---

[2] New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A:14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (N.J. Super. App. Div.) (citations omitted), certif. denied, 172 N.J. 178, 796 A.2d 895 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id. When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).

Here, Plaintiff asserts that his false arrest took place on April 1, 2006. False arrest and false imprisonment consist of unlawful detention, that is, detention without legal process. See Wallace, 549 U.S. at 389. Thus, "false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389 (citations omitted) (emphasis removed). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." Id., at 390 (emphasis removed, citations omitted). Hence, Plaintiff's false arrest claim accrued either on April 1, 2006, or shortly thereafter: specifically, when he was bound over by a magistrate or arraigned on the charges resulting from or related to the arrest. Consequently, it is self-evident that Plaintiff's two-year period of limitations to bring a civil action on the grounds of his April 1, 2006, arrest was long expired by June 8, 2009, that is, by the date when Plaintiff executed his instant complaint and, presumably, handed it to his current prison officials for mailing to the Court: his statute of limitations ran about fourteen months prior.

While differently calculated, Plaintiff's malicious prosecution claim is just as untimely as Plaintiff's false arrest claim. Since, to succeed on a § 1983 claim for malicious

6

prosecution, the plaintiff must demonstrate that the criminal proceeding terminated in his favor, the cause of action accrues at the point in time when such favorable termination takes place. See Ginter v. Skahill, 298 Fed. App'x 161, 163 (3d Cir. 2008). Here, Plaintiff pleads that his prosecution terminated in his favor on January 25, 2007. Consequently, Plaintiff's statute of limitations to bring a malicious prosecution claim on the grounds of his criminal proceedings was triggered on that very day, and expired two years later (i.e., on January 24, 2009), that is, more than four months prior to June 8, 2009, the date when Plaintiff executed his instant complaint and handed it to his prison authorities.

In sum, both of Plaintiff's claims are time barred, and – since this deficiency is evident from the face of Plaintiff's pleadings – both claims are subject to dismissal regardless of whom Plaintiff actually named – or might name – as Defendants in this action.

**V.   Conclusion**

Since Plaintiff named, as Defendants in this action, entities not cognizable as "persons" for the purposes of a § 1983 suit, Plaintiff's claims will be dismissed. Furthermore, since Plaintiff's substantive claims are facially time-barred, and Plaintiff cannot alter the time-line of the pertinent events by re-pleading his claims, this Court will not grant Plaintiff leave to

amend: such measure would be futile and not in the interests of justice.[3]

An appropriate Order accompanies this Opinion.

                                         *s/ Dickinson R. Debevoise*
                                         **Dickinson R. Debevoise**
                                         **United States District Judge**
Dated: July 6, 2009

---

[3] However, in the event Plaintiff believes that his claims qualify for tolling – in light of this Court's guidance about the demanding requirements applicable to tolling – Plaintiff is strongly encouraged to move this Court for reconsideration by submitting, within thirty days from the date of entry of the Order accompanying this Opinion, a written statement detailing his grounds for tolling and, in addition, naming entities amenable to suit under § 1983 as new defendants in this action.